# WHEELING.

## HULL v. HAMILTON'S HEIRS.

### July 17, 1874.

The circuit court having decreed the sale of intestate's land to satisfy creditors, after an order of reference to ascertain the claims against the estate and confirmation of the commissioners report of such claims, but before the widow and administratrix of intestate had been served with a summons to the suit, or appearance by her to the cause, it is not error for the court to set aside the order of reference and decree of sale and send the cause back to rules, for the purpose of making necessary parties.

*1874.
June Term.*

Appeal from a decree of the circuit court of of Randolph county.

The complainants below were "Robert Hull, late of the firm of Hopkins & Hull, which consisted of Paul B. Hopkins, now deceased, and said Hull, Henry D. Harvey, John Carson, and Samuel J. McKnight, merchants and partners trading under the firm name and style of Harvey, Carson & McKnight; Samuel Gosnell and John L. B. Gosnell, merchants and partners trading under the firm name and style of Gosnell & Brother," and "your orators, Cornelius Aultman, Lewis Miller, Jacob Miller and George Cook, surviving partners of C. Aultman & Co., which was composed of your orators and Thomas R. Tonner, now deceased;" and the respondent Amelia Hamilton, in her own right as widow, and as administratrix of the estate of William Hamilton, Paul Hamilton, in his own right and as the heir of said William Hamilton, Brison Hamilton, Henry Hamilton, Jacob S. Wamsley and Minerva his wife, Jacob

B. Luiter and Martha E. his wife, and the follow-ing infants, to-wit: Oscar Butcher, John Butcher and Grace Butcher. The other facts appear in the opinion of the Court.

The Hon. —————— —————— presided at the hearing below.

George H. Lee for the appellants.

There was no appearance for the appellees.

MOORE, JUDGE:

This is an appeal taken by the plaintiffs from a decree rendered by the circuit court of Randolph county, on the 9th day of November, 1871, in this cause.

It appears from said decree, that there were exceptions to the report of sale made by the commissioners. What the exceptions were, or the grounds thereof, the record does not disclose. Whether they were sufficient to have justified the circuit court in sustaining them and setting aside the sale, this Court is unable to determine.

The record does not disclose the grounds upon which the court based its judgment in setting aside the decree directing the sale of the lands, and, also, the order of reference. It does not appear from the record, except the intimation made by the recission order, that Paul Hamilton is dead. He was made a party to the suit, served with a copy of the summons for that purpose, and also served with a copy of the special commissioner's notice, under the order of reference. He was interested in the subject matter of the suit, not only as a partner and co-debtor of Wm. Hamilton, deceased, but also as an heir of said Wm. Hamilton. If Paul Hamilton is dead, it is obvious that not only his personal representative, but also his heirs, should be made parties.

Amelia Hamilton being not only the administratrix, but also the widow of Wm. Hamilton, was a necessary party, and properly made a party to the bill, and should have been served with the summons to the suit, that she

might have had an opportunity to protect the estate of the decedent, as well as her own dower interest. As she was not served with process, and did not appear to the cause, it was error to decree a sale of the land, and, certainly, would have been error, to have confirmed the sale.

There was no error in decree of the court complained of, and it will have to be affirmed with costs and damages.

The other Judges concurred.

DECREE AFFIRMED.